# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAW'S SUPERMARKETS, INC., Plaintiff <br><br> v. <br><br> J.H. LYNCH & SONS, INC., Defendant | Civil Action No. |

## COMPLAINT

### Parties

1. The Plaintiff, Shaw's Supermarkets, Inc. (hereinafter "Shaw's"), is a Massachusetts corporation with a principal place of business at 750 West Center Street, West Bridgewater, Massachusetts 02379.

2. The Defendant, J.H. Lynch & Sons, Inc. (hereinafter "J.H. Lynch"), is a Rhode Island corporation with its principal place of business in Cumberland, Rhode Island.

### Jurisdiction

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district where the event giving rise to the claims stated herein occurred.

### Facts

4. Shaw's and Lynch entered into a written Standard Form of Agreement Between Owner and Contractor dated February 3, 2003 (hereinafter "the Contract") pursuant to which Lynch agreed to construct thirty-nine (39) light pole fixtures in two varying designs at the Erin's Plaza parking lot in Mansfield, Massachusetts.

5. The light poles were to be constructed according to construction details developed by WD Partners for Home Depot and AEI for Shaw's.

6. Lynch completed the construction of the light poles on the subject property.

7. On or about October 30, 2008, a light pole foundation located in the Mansfield, Massachusetts parking lot was hit by a low velocity backing tractor-trailer truck and catastrophically failed, causing the entire light pole to collapse.

8. To evaluate the cause of the failure and to determine if the concrete light pole bases met the contract specifications, Shaw's engaged the services of a professional engineer for laboratory testing of three random pole bases from the Erin's Plaza parking lot.

9. The engineer's review of each of the WD Partners foundations reported that they lacked the requisite number of vertical reinforcing steel bars in the pole foundation called for in the WD design and incorporated into the contract.

10. Based on the laboratory testing, it was also determined that Lynch's failure to follow the criteria regarding the proper welding procedure for the stirrups and anchor bolts to the reinforcing steel in both types of the pole bases resulted in hydrogen embrittlement in the steel.

11. The laboratory testing revealed that there is no economical or feasible repair for the pole foundation to mitigate the embrittlement of the vertical reinforcement steel or the anchor bolts.

12. The engineer's report recommends that all concrete light pole foundations at the Erin's Plaza parking lot be replaced to ensure safe pole bases.

13. Shaw's has spent in excess of $10,000 to date in repair costs, and has also spent additional sums for laboratory testing and analysis.

14. The estimated engineering and construction expenses anticipated for the replacement of the light pole foundations exceed $315,000.

15. Therefore, Shaw's total damages exceed $325,000.

## Count I
## Breach of Contract

16. Shaw's realleges the allegations in paragraphs 1 through 11 of the Complaint.

17. Shaw's paid all sums due to Lynch under the terms of the Contract, and Shaw's is not in breach of said Contract.

18. Lynch has breached the Contract with Shaw's by failing to construct the light poles in the Erin's Plaza parking lot according to the design specifications required by the contract provisions.

19. As a result of this breach, Shaw's has sustained and continues to sustain damages, totaling in excess of $325,000.

## Count II
## Negligence

20. Shaw's realleges the allegations in paragraphs 1 through 11 of the Complaint.

21. Lynch failed to exercise reasonable care in the production of the light poles at the Erin's Plaza parking lot by failing to follow the design specifications provided for in the contract provisions.

22. As a result of Lynch's negligence, Shaw's has sustained and continues to sustain damages, totaling in excess of $325,000.

## Count III
## Breach of the Warranty of Merchantability

23. Shaw's realleges the allegations in paragraphs 1 through 11 of the Complaint.

24. Lynch is a merchant with respect to concrete light base foundations.

25. Lynch breached the implied warranty of merchantability, pursuant to G.L. c. 106, § 2-314, by failing to construct the light pole fixtures as the contract required.

26. As a result of Lynch's negligence, Shaw's has sustained and continues to sustain damages, totaling in excess of $325,000.

### Count IV
### Breach of Warranty of Fitness for a Particular Purpose

27. Shaw's realleges the allegations in paragraphs 1 through 11 of the Complaint.

28. Lynch had reason to know that Shaw's required the light pole fixtures to illuminate the Erin's Plaza parking lot for the safety and convenience of patrons and employees of the plaza.

29. Lynch breached the implied warranty of Fitness for a Particular Purpose, pursuant to G.L. c. 106, § 2-315, by providing light pole fixtures unsuitable for the Plaintiff's particular purpose.

30. As a result of Lynch's negligence, Shaw's has sustained and continues to sustain damages, totaling in excess of $325,000.

### Count V
### Unfair and Deceptive Business Acts and Practices

31. Shaw's realleges the allegations in paragraphs 1 through 11 of the Complaint.

32. Lynch's sale of light pole fixtures which do not conform to the applicable specifications and/or are in breach of applicable warranties constitutes an unfair and deceptive act or practice in the conduct of its business, explicitly prohibited by Mass. Gen. Laws, c.93A, §2, and Lynch's conduct in this regard was willful and knowing, as defined by Mass. Gen. Laws, c.93A, §11.

33. As a result of Lynch's violations of Mass. Gen. Laws. c.93A, §2, Shaw's has sustained and continues to sustain damages totaling in excess of $325,000.

WHEREFORE, Shaw's respectfully requests the entry of judgment in its favor against Lynch as follows:

- A. For amount of money damages reasonable and necessary to compensate Shaw's for its actual damages and losses, including past and anticipated expenditures incurred in investigating, removing and replacing the defective light poles, as such damages may be determined after trial;
- B. For multiple damages and attorney's fees, as provided by Mass. Gen. Laws, c.93A, §11;
- C. For applicable interest and costs, and
- D. For such further relief as the Court deems just and proper.

Shaw's Supermarkets, Inc.,
by its attorneys,

*/s/ Eric P. Finamore*
Eric P. Finamore, BBO 541872
Weston Patrick, P.A.
84 State Street
Boston, MA 02109
(617) 880-6380

Date: July 20, 2010